# DANIEL KAMAHU *v.* JAMES BICKNELL, AUDITOR OF THE CITY AND COUNTY OF HONOLULU.

### SUBMISSION UPON AGREED STATEMENT OF FACTS.

SUBMITTED JULY 23, 1914.              DECIDED AUGUST 1, 1914.

ROBERTSON, C.J., QUARLES, J., AND CIRCUIT JUDGE WHITNEY IN PLACE OF WATSON, J.

MUNICIPAL CORPORATIONS—*civil service commission—rules—powers.*
    The authority to make rules and regulations to govern the selection and appointment of persons to be employed in the police

and fire departments of the city and county of Honolulu, granted
to the commission by Act 51, Session Laws 1913, does not author-
ize the commission to make a rule requiring competitive exami-
nations for the promotion of persons in the service, and a rule
to that effect adopted by the commission is void.

OFFICERS—*promotion of police officer—civil service commission.*

The sheriff has authority to promote a sergeant of police, who
has proved his fitness therefor, to the office of captain of police,
when it can be done with advantage to the department, without
examination or approval by the civil service commission.

OPINION OF THE JUSTICES BY QUARLES, J.·

The controversy herein was submitted without action upon
agreed facts under the provisions of section 1748 R. L. In the
agreed facts it appears: The plaintiff has been in the employ
of the department of police of the city and county of Honolulu
during and since April 4th, 1913, acting as sergeant of police
until June 1st, 1914, when the sheriff of the city and county of
Honolulu promoted him to the position of captain of police to
fill a then existing vacancy. The sheriff deemed that such
vacancy could be filled with advantage to the department by
such promotion and deemed that plaintiff had proved his fitness
therefor. June 3rd the sheriff notified the Honolulu civil serv-
ice commission of such promotion of the plaintiff. June 12th
the commission notified the sheriff that it declined to approve
such promotion. June 10th the commission fixed a date for
conducting a competitive examination for the position of cap-
tain of police, gave due notice thereof, which notice was brought
to the knowledge of the plaintiff. The plaintiff and other ser-
geants of police in the service of the city and county failed and
refused to take such examination. The commission had adopted
rules and regulations which have been in force from February
11th, 1914, a copy of which is made a part of the agreed facts.
The board of supervisors have approved the pay-rolls of the
police department for the month of June, including the salary
of the plaintiff as such police captain at the rate of one hundred
and ten dollars per month. The defendant, who is the duly
qualified and acting auditor of the city and county of Hono-

lulu, declines to issue a warrant or warrants for the salary of the plaintiff as captain of police for the month of June, 1914, on the ground that the promotion of the plaintiff was made without authority of law, and that the plaintiff is not in the employ of the city and county of Honolulu. The questions raised and submitted by the agreed facts are whether plaintiff was lawfully promoted to the position of captain of police; and, whether he is entitled to a warrant or warrants for his salary as such for the month of June.

The Honolulu civil service commission is a statutory board appointed under Act 51, Session Laws 1913, entitled "An Act Relating to the Civil Service of the Police and Fire Departments of the City and County of Honolulu," approved April 4th, 1913, and derives all of its powers and authority from the provisions of that act. Section 1 of the act provides for the appointment of the commissioners. Section 2 provides that "no person shall hold or be appointed to any position in either the police department or in the fire department of the City and County of Honolulu without the approval of the Commission in accordance with its rules and regulations." Section 3 provides for the adoption of rules and regulations "to govern the selection and appointment of persons to be employed in either the police or fire department as in its judgment shall be adapted to secure the best service in each department," for the purpose of determining "the physical and educational qualifications, habits and the reputation and standing and experience of all applicants, and shall provide for a competitive examination of all applicants in such subjects as shall be proper for the purpose of best determining their qualifications for the positions sought. Such rules and regulations may provide for the classification of positions and for a special course of inquiry and examination for candidates for each class * * *." Section 4 provides for printing and distributing the rules and that "such rules and regulations shall specify the date when they shall take effect, and thereafter all selections of persons for employment or appoint-

ment either in the police or fire department shall be in accordance therewith." Section 5 provides that the examinations "shall be public and free for all citizens of the Territory over twenty and under sixty years of age with proper limitations as to residence, health, habits and character," and for tests of manual and physical strength. Section 6 provides that appointees under the provisions of the act shall hold during good behavior subject to removal only as provided by the rules and regulations. Section 7 provides that "when vacancies in existing positions occur, or when new positions are created, * * * which can with advantage to the department in which they occur be filled by the promotion of persons in the service who have proved their fitness therefor they shall be filled by the promotion of such persons. In all other case vacancies shall be filled and all promotions made from the list of persons who have previously passed the examination required by the rules and regulations with the approval of the Commission." Section 8 provides that the act shall not apply to any sheriff or deputy sheriff, while section 9 provides as follows: "This Act shall not be construed to require the examination of any person at present employed in either the police or fire department of the City and County of Honolulu."

The commission, acting within what it believed to be its power and authority, adopted rules and regulations, which, among other things, provide that promotions shall, so far as practicable, "be filled by promotion among persons in the same department who hold positions in the next lower rank or grade," and that "promotions shall be based on competitive examinations and comparative efficiency in the service of the candidate for promotion." On behalf of the defendant it is claimed that the rules and regulations of the commission have the force of law. This contention is manifestly correct as to all rules and regulations authorized by the statute, but no further. We are cited to some New York and Massachusetts cases in support of defendant's contention. In Dillon on Municipal Corporations (5th ed.) section 399, it is said, *inter alia,* as follows: "The

civil service commission has only such power as the statute specifically confers upon it, or as such as can be necessarily and reasonably inferred for the purpose of enabling it to faithfully and fairly carry out the work committed to it," citing New York cases in support of the doctrine. Then again, in the same section, the same authority further says: "But the rules must conform to the provisions of the statutes relating to the appointment and removal of officers. If there is any conflict, the statutory requirements will control."

There is more or less ambiguity in the statute under consideration. This is especially true as to the words "promotion" and "promotions" found in the last sentences of sections 4 and 7. The whole statute must be read and all of its provisions considered together and the intent of the legislature gathered therefrom, giving to the words used their ordinary significations where a contrary intent is not manifest; keeping in mind the purpose or object of the statute, and the ills, if any, to be remedied thereby. When so read and considered we think it was intended to place the selection and appointment of persons to be thereafter employed in the two departments upon a non-partizan basis as far as practicable, making their selection depend upon qualification and fitness, rather than upon favoritism. The commission was created for the purpose of ascertaining the qualifications of applicants desiring to enter the service in either of the two departments by practical tests to be applied under the rules and regulations of the commission along the lines set forth in the statute. The only authority granted the commission to make rules and regulations is found in section 3 of the statute which restricts the scope of such rules and regulations to the purpose of determining the qualifications of applicants for appointment or employment in the police and fire departments. No power of selection or appointment is granted to the commission by the statute, and no intent is found therein to amend or repeal section 1564 R. L. which vests the power of appointment in the sheriff, either by impli-

cation or by express provision. Section 3 limiting the scope of the rules and regulations to the matter of determining the qualifications of persons "to be employed," and section 9 exempting all persons in the employ of both departments at the time of the approval of the statute from examination, make it clear that the power and authority of the commission, and the scope of the rules and regulations to be adopted by it, were intended to apply only to persons who should thereafter enter into employment in these two departments, and not to persons already employed, or to the promotion of any person in such employment. Construing sections 2, 3, 4, 7 and 9 together, we think that this intent is clearly apparent. We think that the word "promotion" was inadvisedly used in section 4 of the statute, and that the word in the last sentence of section 7 is without meaning. It is difficult to understand why section 3 of the statute should limit the rules and regulations to be adopted by the commission so as "to govern the selection and appointment of persons to be employed," using the future tense, if such rules and regulations were to govern the promotion of persons in the service. Again, if the legislature intended that promotions in the service should be controlled by the commission through competitive examination why did it, in section 7, provide for the filling of vacancies or newly created positions by the promotion of persons in the service "who have proved their fitness therefor"? It was obviously intended that one in the service, who, by proper conduct and faithful and efficient performance of service, had proved his fitness for promotion, should be promoted on his record for faithful and efficient service without again demonstrating his fitness for the higher position by an examination. Having demonstrated his fitness for promotion, and no provision being found in the statute authorizing the commission to make rules and regulations "to govern" the promotion in such a case, we must conclude that no examination, competitive or otherwise, was intended by the legislature in case of the promotion of a person in the service. We are therefore of the opinion

that the rule of the commission requiring a competitive examination for promotion is unauthorized by the statute, and therefore void. We are of the opinion that the word "approval" as used in section 2 relates only to applicants desiring to enter the service, and that such approval is evidenced by the commission passing an applicant on examination and placing his name upon the list of eligibles for appointment. We are of the opinion that the commission has power, under the statute, to classify positions in the service, and to hold examinations for each and all classes. In such case the applicant who successfully passes the examination for the higher class and is placed on the eligible list for appointment thereto, is subject to the requirement of the statute that persons in the service who have proved their fitness for promotion, and it will be of advantage to the department to promote such person, must be promoted in preference to eligibles upon the list for appointment to the position. The statute was intended to protect faithful and efficient employees in the service, and such as should come into it. Also to encourage competent persons to place themselves in position to be appointed to positions in the service by taking the required examination and being placed on the list of eligibles, thus tending to prevent the appointment, by favoritism or otherwise, of persons to positions in the service who might not be qualified therefor. One of the objects of the statute is to encourage employees to faithful and efficient service and thereby prove their fitness for a higher position to which they shall be promoted in case of vacancy or newly created position. The good policy of such a rule is apparent, tending as it does to keep experienced men in the higher positions in the service. We are of opinion that in promoting the plaintiff the sheriff acted with authority, and that such promotion was lawfully made. It therefore follows that the plaintiff is entitled to a warrant or warrants for his salary for the month of June, 1914, at the rate of one hundred and ten dollars per month, and that it is the duty of the defendant, as auditor of the city and county of Honolulu to

issue and deliver the same to the plaintiff. Let judgment enter accordingly.

*Thompson, Wilder, Milverton & Lymer* for plaintiff.

*P. L. Weaver, First Deputy City and County Attorney,* for defendant.